UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
HADMARYS PICERNO,                    Civil Action No.
on behalf of herself and all others similarly
situated
                                                  **CLASS ACTION**
            Plaintiffs,              **COMPLAINT**

    v.
                                     **NO JURY TRIAL**
VITAL RECOVERY SERVICES, LLC         **DEMANDED**

            Defendant.
--------------------------------------------------------X

Plaintiff, by and through her counsel, Ryan Gentile, Esq., as and for her complaint against the Defendant, on behalf of herself and pursuant to Rule 23 of the Federal Rules of Civil Procedure all others similarly situated, alleges as follows.

### INTRODUCTION

1. Plaintiff, on her own behalf and on behalf of the classes she seeks to represent, brings this action to secure redress for the debt collection practices utilized by the Defendant, Vital Recovery Services, LLC ("Vital" or "Defendant") in connection with their attempts to collect alleged debts from the Plaintiff and others.

2. Plaintiff alleges that Vital's collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA")

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

1

4. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. <u>Bentley v Great Lakes Collection Bureau</u>, 6 F.3d 60, 62-3 (2d Cir. 1993).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the FDCPA claim pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

6. Venue and personal jurisdiction in this District are proper because:

   a. The acts giving rise to this lawsuit occurred within this District; and

   b. Defendant does business within this District.

## PARTIES

7. Plaintiff, Hadmarys Picerno is an individual natural person who at all relevant times resided in the City of South Ozone Park, County of Queens, State of New York.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. Defendant, Vital, at all times relevant hereto, is and was a Limited Liability Company with offices located at 3795 Data Dr Ste 200 Peachtree Corners, GA 30092.

10. The principal purpose of Vital is the collection of debts using the mail and telephone.

11. Vital regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. Vital is a debt collector as that term is defined by 15 U.S.C. §1692a(6).

## FACTS

13. Sometime prior to December 31, 2015 the Plaintiff allegedly incurred a debt to GLC II Trust 2014-1 that was serviced by Lending Club related to a personal money loan with an account number having last four digits of "9478" (the "Debt").

14. The Debt arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, namely fees emanating from a personal money loan made to the Plaintiff.

15. The personal loan debt is a "debt" as defined by 15 U.S.C. §1692a(5).

16. Sometime after the incurrence of the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments allegedly owed on the alleged Debt.

17. At a time known only to Defendant, Plaintiff's alleged Debt was placed with Defendant for collection.

18. On or about December 31, 2015 Vital mailed or caused to be mailed a letter to Plaintiff. (Annexed and attached hereto as Exhibit A is a true copy of the later dated December 31, 2015, but with redactions, sent by Vital to the Plaintiff)

19. The Plaintiff received and reviewed the letter attached as Exhibit A.

20. Exhibit A seeks to collect the Debt.

21. The letter attached as Exhibit A is a "communication" as that term is defined by 15 U.S.C. §1692a(2).

22. Exhibit A represents Vital's initial collection "communication" with the Plaintiff as communication is defined by 15 U.S.C. §1692a(2).

23. Plaintiff did not receive any other document from Vital purporting to contain the initial disclosures required by 15 U.S.C. §1692g.

24. Upon information and belief, based on the content of Exhibit A, Exhibit A was the only document Vital sent to the Plaintiff purporting to contain the initial disclosures required by 15 U.S.C. §1692g.

25. The "Total Balance Due" disclosed in the letter attached as Exhibit A as being owed by the Plaintiff was $8,676.39.

26. The bottom of the letter attached as Exhibit A contained a detachable section for Plaintiff to remit their payment, this section again stated Plaintiff's "Total Balance Due" as being $8,676.39.

27. The letter attached as Exhibit A did not disclose that the "Total Balance Due" may increase due to interest and/or fees.

28. Interest was in fact accruing daily on the Total Balance Due on the Debt.

29. Vital tried to collect the interest that was accruing daily on the Debt from the Plaintiff.

30. The letter attached as Exhibit A did not state that Vital would accept payment of $8,676.39 in full satisfaction of the Plaintiff's alleged Debt if payment of $8,676.39 was made by a specified date.

31. Plaintiff believed from reading the letter attached as Exhibit A that the $8,676.39 "Total Balance Due" was static and that their payment of that amount would satisfy the Debt irrespective of when the payment was remitted.

32. On or about February 1, 2016 Vital mailed or caused to be mailed a letter to Plaintiff. (Annexed and attached hereto as Exhibit B is a true copy of the later dated February 1, 2016, but with redactions, sent by Vital to the Plaintiff)

33. The Plaintiff received and reviewed the letter attached as Exhibit B.

34. Exhibit B seeks to collect the Debt.

35. The letter attached as Exhibit B is a "communication" as that term is defined by 15 U.S.C. §1692a(2).

36. The "Total Balance Due" disclosed in the letter attached as Exhibit B as being owed by the Plaintiff was $8,859.91.

37. The change in the "Total Balance Due" that Vital alleged Plaintiff owed from the December 31, 2015 letter to the February 1, 2016 letter was because of interest that had accumulated on the Debt.

38. On or about February 2, 2016 Vital mailed or caused to be mailed a letter to Plaintiff. (Annexed and attached hereto as Exhibit C is a true copy of the later dated February 2, 2016, but with redactions, sent by Vital to the Plaintiff)

39. The Plaintiff received and reviewed the letter attached as Exhibit C.

40. Exhibit C seeks to collect the Debt.

41. The letter attached as Exhibit C is a "communication" as that term is defined by 15 U.S.C. §1692a(2).

42. The "Total Balance Due" disclosed in the letter attached as Exhibit C as being owed by the Plaintiff was $8,865.83.

43. The change in the "Total Balance Due" that Vital alleged Plaintiff owed from the February 1, 2016 letter to the February 2, 2016 letter was because of interest that had accumulated on the Debt.

44. Vital's debt collection practice is largely automated and utilized standardized form letters.

45. Exhibit A, Exhibit B and Exhibit C are standard form letters.

46. Documents in the form represented by Exhibit A, Exhibit B and Exhibit C are regularly sent by Vital to collect debts from consumers.

47. Vital mailed or caused to be mailed letters in the form of Exhibit A over the course of the past year to hundreds of New York consumers from whom Vital attempted to collect a consumer debt.

## CLAIMS FOR RELIEF

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692e)

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. In sending the letter attached as Exhibit A Vital violated 15 U.S.C. §1692(e)(2)(A) and §1692(e)(10).

50. Section 1692e provides:

**§1692e.     False or Misleading Representations**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

   (2) The false representation of --
      (A) the character, amount, or legal status of any debt;

   (10) The use of any false representation or deceptive means to collect or attempt
   to collect any debt or to obtain information concerning a consumer.

51. In considering whether a collection notice violates Section 1692e, Courts in the Second Circuit apply the "least sophisticated consumer" standard. Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993).

52. Vital violated §1692e(2)(A) and §1692e(10) and by asserting flatly in Exhibit A, which was the notice required by §1692g, that the Total Balance Due was a sum certain and failing to inform Plaintiff that the Total Balance Due would increase due to interest. This assertion was untrue and known to be untrue since Vital was hired to collect a balance on behalf of GLC II Trust 2014-1 that was serviced by Lending Club that Vital knew would increase by the amount of interest accrued.

53. The collection letter attached as Exhibit A is misleading within the meaning of 15 U.S.C §1692e because a reasonable consumer could read the letter and be misled into believing that she could pay her debt in full by paying the "Total Balance Due" listed on the letter. In fact, however, because interest on the Debt was accruing daily, a consumer who paid the "Total Balance Due" stated on the letter would not have paid the debt in full. Vital could still and was in fact seeking to collect interest that had accumulated daily on the Debt after the letter was sent to a consumer but before the letter even arrived by mail to a consumer, and before a consumer paid the Total Balance Due listed in the letter.

54. The Second Circuit Court of Appeals has held that a collection letter like the one attached as Exhibit A, violates the FDCPA unless it notifies consumers of their account balance and discloses that the balance may increase due to interest and fees. Avila v Riexinger & Associates, LLC 2016 WL 1104776 (2d. Cir. March 22, 2016) ("Because the statement of an amount due, without notice that the amount is already increasing due to accruing interest or other charges, can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, we hold that the FDCPA requires debt collectors, when they notify

7

consumers of their account balance, to disclose that the balance may increase due to interest and fees. We think that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as plaintiffs who may hold the reasonable but mistaken belief that timely payment will satisfy their debts")

55. Vital is liable to the Plaintiff and the proposed Class for statutory damages pursuant to 15 U.S.C. §1692k because of the FDCPA violation.

## CLASS ALLEGATIONS

56. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

57. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

58. The class consists of (a) all individual natural persons (b) with a New York address (c) who were sent a letter from Vital in a form materially identical or substantially similar to the letter attached as <u>Exhibit A</u> to the Complaint (d) which was not returned by the post office as undeliverable (e) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action where (f) the debt Vital was seeking to collect was accruing interest.

59. The proposed class specifically excludes the United States of America, the states of the Second Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Second Circuit and the United States Supreme Court, all officers and agents of Defendant and all persons

related to within the third degree of consanguinity or affection to any of the foregoing individuals.

60. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   i. **Numerosity**: The Plaintiff is informed and believes and on that basis alleges that the Plaintiff class defined above is so numerous that joinder of all members would be impracticable. Upon information and belief, there are at least 40 members of the class. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by the Defendant.

   ii. **Common Questions Predominate**: There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of the Defendant's identical conduct particular to the matter at issue; (b) Defendant's violations of the FDCPA, specifically 15 U.S.C. §1692e; (c) The availability of statutory penalties; and (d) Attorney's fees and costs.

   iii. **Typicality**: The claims of the Plaintiff are typical of those of the class she seeks to represent. The claims of the Plaintiff and of each class member

originate from the same conduct, practice, and procedure, on the part of the Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

iv. **Adequacy**: Plaintiff will fairly and adequately protect the interests of each class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of each class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of the Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in FDCPA litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither the Plaintiff nor their counsel have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

v. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

61. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to members of each of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

62. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;
    b. Members of the classes are likely to be unaware of their rights; and
    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

1. An order certifying that Count I may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above;
2. Adjudging that Vital violated 15 U.S.C. §§1692e, 1692e(2)(A), and 1692e(10);
3. An award of statutory damages for Hadmarys Picerno and the Plaintiff Class pursuant to 15 U.S.C. §1692k;
4. Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C. §1692k; and
5. Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
       April 4, 2016

                              THE PLAINTIFF

                    /s/ Ryan Gentile
By:_____
        Ryan Gentile, Esq.
        Law Offices of Gus Michael Farinella PC
        *Attorney for Plaintiff*
        110 Jericho Turnpike – Suite 100
        Floral Park, NY 11001
        Tel: (212) 675-6161
        Fax: (212) 675-4367
        rlg@lawgmf.com

## **NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

                The Law Offices of Gus Michael Farinella, PC

                    /s/ Ryan Gentile
By:_____
        Ryan Gentile